| | |
|---|---|
| LOREN HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )          **ORDER** |
| | ) |
| UNITED STATES, | ) |
| FNU MAIORANA, | ) |
| Warden; FNU ENTZEL, | ) |
| Unit Manager; FNU | ) |
| SPOSATO, Case Worker; | ) |
| FNU KIRSCH, Counselor, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28

U.S.C. §§ 1915(e) and 1915A, and on Plaintiff's Motion for an Order Directing the U.S. Marshal

to Serve Complaint. (Doc. No. 6).

I.      BACKGROUND

According to his pro se Complaint, Plaintiff is a federal prisoner incarcerated at FCI

Loretto, in Loretto, Pennsylvania. All of the named defendants appear to be employees of the

Bureau of Prisons and were employees of FCI Loretto during the times alleged in the Complaint.

Plaintiff brought this Bivens action arising out of events allegedly occurring after he was

transferred from FCI in Fort Dix, New Jersey.[1] Following his transfer to FCI Loretto, Plaintiff

spoke with Defendant Warden Maiorana about a possible transfer to a federal prison closer to

---

[1] See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

Charlotte, North Carolina.[2] Warden Maiorana suggested he would look into the possibility of a transfer but Plaintiff alleges there "was no follow-up from the Warden." (Doc. No. 1 at 3 ¶ 10). Plaintiff continued to pursue his desire for a transfer in conversation with Case Worker Michelow with no apparent success. (Id. at 3 ¶ 11). Thereafter, Plaintiff contends that his relationship with prison staff inside FCI Loretto "showed signs of deterioration and abuse." (Id. at 3 ¶ 12). Plaintiff asserts that he tried to address this situation with various employees but his efforts "were thwarted by Counselor (Defendant Kirsch)," and Defendant Case Worker Sposato denied him a timely review of his transfer request.

Next, Plaintiff maintains that he was deprived of his bottom bunk privileges, for which he had obtained a "bottom bunk pass," after his bunk was slated for use by a handicapped inmate. Plaintiff states that he fell from the lofty confines of his top bunk and suffered serious injury to his right arm. (Id. at 4 ¶¶ 16-7).

Plaintiff continued to follow the prison's internal grievance procedures to no avail. And, in fact, "the culmination of these acts reached a height when the Plaintiff was told 'he is a snitch' in the presence of other inmates." (Id. at 4 ¶ 19). While not explaining what he may have disclosed, Plaintiff contends that this declaration that he was a snitch enervated Plaintiff and sapped his "motivation" to continue through the grievance procedure.

In his first claim for relief, Plaintiff contends that his First Amendment rights have been violated through retaliation by one or more defendants. This claim appears to be based, at least in part, on his expressed desire for a transfer, his failed participation in the grievance procedures, and his professed favor for bottom bunks. The net result, as Plaintiff maintains, is that defendants have combined in their effort to limit his access to federal court. (Id. at 5-6).

---

[2] Incidentally, while Plaintiff fully acknowledging his present incarceration in Pennsylvania, he contends that he was "domiciled" in Charlotte at the time he filed this Complaint.

In his second claim for relief, Plaintiff argues that Defendant Counselor Kirsch was deliberately indifferent to his rights as secured by the Eighth Amendment when he called Plaintiff a snitch within earshot of his fellow inmates. The result of this action, as Plaintiff would maintain, is that his relationship with his fellow inmates has suffered and he concludes that he has been exposed to severe harm. (Id. at 6).

In his final claim for relief, Plaintiff seeks to have Defendant United States "indemnify the other named defendants for acts committed within the scope of" employment. (Id at 7). Among other remedies, Plaintiff seeks hefty compensatory damages in the amount of $1,000,000, and punitive damages in the amount of $3,000,000.

## II.     STANDARD OF REVIEW

Pursuant to § 1915A(a), the Court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint—if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1) & (b)(2).

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). The Court is cognizant that a pro se complaint must be construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), however, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.    DISCUSSION**

For an action brought under <u>Bivens,</u> 403 U.S. 388, venue is governed by 28 U.S.C. § 1391(b). Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Venue is not proper in this district, as the only connection between this district and Plaintiff's action is that Plaintiff states in the Complaint that he is domiciled in this district. Plaintiff's alleged permanent residence in this district is not a proper basis for venue under Section 1391(b). Furthermore, Plaintiff has given no indication that any of the Defendants reside in this State. Rather, according to Plaintiff's own allegations, all of the events or omissions giving rise to his claim occurred while he was an inmate at FCI Loretto in Pennsylvania, and the Court finds that district represents the proper venue.

Under 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court will therefore transfer this matter pursuant to 28 U.S.C. § 1406(a), and notes that Loretto FCI  is located in Cambria County, within the Western District of Pennsylvania, Johnstown Division, and the Clerk of Court is hereby directed to transfer this action to such division.

**IV.    CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1.    For the reasons stated herein, this action is **TRANSFERRED** to the Western

      District of Pennsylvania, Johnstown Division, based on improper venue pursuant

      to 28 U.S.C. § 1406(a);

2.    Plaintiff's Motion for an Order of the Court Directing the U.S. Marshal to Serve

      Complaint, (Doc. No. 6), is **DENIED** as moot; and

3.    The Clerk is directed to transfer this case to the Western District of Pennsylvania,

      Johnstown Division, and thereafter terminate this action.


                         Signed: April 29, 2013


                         Robert J. Conrad, Jr.
                         Chief United States District Judge